UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FIERMAN PRODUCE EXCHANGE, INC.;
COOSEMANS NEW YORK INC.; and C
AND J BROTHERS, INC.,

Plaintiffs,

-against-

HAVANA PRODUCE INC.; PEREZ
DISTRIBUTION, LLC; PETER L. PEREZ;
and PEDRO H. PEREZ a/k/a PETER PEREZ,

Defendants.

Case No. 1:26-cv-00279 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

On April 8, 2026, Defendant Pedro H. Perez ("Perez"), proceeding *pro se*, requested a 30-day extension of his deadline to respond to Plaintiffs' complaint. Dkt. 23. However, that same day, Perez filed his answer to the complaint. Dkt. 21 ("Answer"). The Court will accordingly DENY as moot Perez's extension request. To the extent that Perez seeks to amend his answer, "[Federal] Rule [of Civil Procedure] 15(a)(1)(A) provides that a party is entitled to amend its answer 21 days after serving it." *GEOMC Co., Ltd. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 95 (2d Cir. 2019); *accord Trilegiant Corp. v. Sitel Corp.*, No. 09-cv-06492 (BSJ) (JCF), 2012 WL 3826841, at *1 (S.D.N.Y. Aug. 27, 2012). Thus, Perez has until April 29, 2026 to amend his answer as a matter of right.[1] Should Perez seek relief of another kind, he may file a motion articulating his request for the Court's consideration.

Relatedly, on April 10, 2026, Plaintiffs responded to Perez's extension request. Dkt. 25. In their response, Plaintiffs "request the Court's permission to file a request for a Clerk's

---

[1] While Perez's Answer was not docketed until April 9, 2026, Perez submitted a Certificate of Service affirming that he served his Answer on April 8, 2026 "via electronic mail and/or U.S. Mail." Dkt. 24 at 1.

Certificate of Default as to defendants Havana Produce Inc., Perez Distribution, LLC and Peter L. Perez." *Id.* at 1. Plaintiffs may seek a Clerk's Certificate of Default as to those Defendants; however, the Court will not entertain a default judgment motion while Plaintiffs' claims against Perez remain pending. *See, e.g.*, *Century Sur. Co. v. Whispers Inn Lounge, Inc.*, No. 13-cv-09049 (LGS), 2014 WL 8392302, at *1 (S.D.N.Y. Dec. 15, 2014) (providing that "in cases of joint and several liability," such as this one, "where a complaint 'makes a joint charge against several defendants,' and only one defendant defaults, courts should not enter 'a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause'" (quoting *Frow v. De La Vega*, 82 U.S. 552, 554 (1872))); *Lemache v. Tunnel Taxi Mgmt., LLC*, 354 F. Supp. 3d 149, 152 (E.D.N.Y. 2019) (noting that "[t]he proper course" for courts to take "in a multi-defendant case where defendants are alleged to be *jointly* liable" "is to postpone decision on the default judgment until the case against the litigating party concludes"); *see also* Dkt. 1 ("Complaint") at 11-12 (seeking "judgment in favor of Plaintiffs and against Defendants, jointly and severally").

The Clerk of Court is respectfully directed to mail a copy of this Order to Perez.

Dated: April 13, 2026
New York, New York

SO ORDERED.

JENNIFER L. ROCHON
United States District Judge

2